UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

MARLON LESHAN FINLEY and
LESLEY NICOLE FINLEY,

           Debtors.

_____/

Case No. 09-44480
Chapter 13
Hon. Marci B. McIvor

## AMENDED[1]
## OPINION GRANTING CREDITOR'S OBJECTION TO SURRENDER IN FULL SATISFACTION PROVISION IN DEBTORS' PROPOSED CHAPTER 13 PLAN

This matter comes before the Court on FME Federal Credit's ("FME") objection to confirmation of the Debtors' Chapter 13 Plan. For the reasons set forth below, FME is entitled to file a general deficiency claim against the Debtors' Lathrup Village Property, pursuant to 11 U.S.C. § 506(a)(1), to the extent FME is undersecured. FME's deficiency claim will share pro rata in any distributions to other unsecured creditors.

I.

FACTUAL BACKGROUND

On February 19, 2009, the Debtors filed a bankruptcy petition under Chapter 13 of the Bankruptcy Code. The Debtors listed three (3) parcels of real property on their Schedule A. The Debtors' assets on the petition date included a former residence located at 17535 Wiltshire, Lathrup Village, Michigan 48076 ("Property"). On Schedule A, the Property was listed as having a fair market value of $100,000. The Property is encumbered by a mortgage held by FME with a balance of $203,236.24. The Property served as the Debtors' principal residence until

---

[1]This opinion is amended to correct a case citation found on page 5.

approximately September 15, 2008 when the Debtors purchased a new home located at 2197 Hidden Lake Drive, West Bloomfield, MI 48234.

The Debtors' Chapter 13 Plan, filed on March 5, 2009, proposed to surrender the Property to FME in full satisfaction of the Debtors' outstanding obligation to FME. On April 28, 2009, FME objected to the Debtors' Chapter 13 plan asserting that surrender of the Property would not satisfy its claim and that upon the liquidation of the collateral, FME was entitled to file an unsecured proof of claim for the deficiency balance. The confirmation hearing was held on May 21, 2009. The Plan was conditionally confirmed by an order entered on May 27, 2009 subject to the determination of FME's objection.

The issue before this court is whether a debtor can surrender real property that is not the debtor's principal residence in full satisfaction of a mortgagee's claim. The Debtors in this case argue that because the property to be surrendered is not the Debtors' principal residence, they can modify the "claim" pursuant to 11 U.S.C. § 1322(b)(2). The Debtors further contend that proposing to surrender real property in full satisfaction of FME's claim is allowable as a modification of the secured creditor's claim. FME argues that pursuant to 11 U.S.C. § 506(a), after the Debtors surrender the Property, FME retains the right to bifurcate the claim and to collect any deficiency as a general unsecured claim.

II.

ANALYSIS

The requirements for paying a secured claim through a Chapter 13 Plan of Reorganization are set forth in 11 U.S.C. § 1322 and 11 U.S.C. § 1325. 11 U.S.C. §

- 2 -
09-44480-mbm    Doc 50    Filed 07/31/09    Entered 07/31/09 13:23:32    Page 2 of 7

1322(b)(2) states that a debtor's plan cannot modify a claim secured by the debtor's principal residence. 11 U.S.C. § 1325(a)(5) provides for two alternative methods for treatment of a creditor holding an allowed secured claim who has not accepted the debtor's Chapter 13 plan. A debtor may retain the collateral securing the claim and make payments to the creditor subject to the requirements in 11 U.S.C. § 1325(a)(5)(B). Alternatively, pursuant to 11 U.S.C. § 1325(a)(5)(C), the debtor can surrender the collateral to the creditor.

If a debtor chooses to surrender the property, 11 U.S.C. § 1325(a)(5)(C) is silent on how to determine the value of the secured interest in the surrendered property. 11 U.S.C. § 506(a)(1) determines the secured status of a claim. Section 506(a)(1) reads:

> (a)(1) An allowed claim of a creditor secured by a lien on property … is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property … and is an unsecured claim to the extent that the value of such creditor's interest … is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property…

The Supreme Court has held that 11 U.S.C. § 506(a)(1) requires bifurcation to determine the secured and unsecured portions of a claim in bankruptcy with the secured portion being the value of the collateral and the unsecured portion being the difference between the total claim and the amount of the secured claim. *Associates Commercial Corp. v. Rash*, 520 U.S. 953, 961 (1997).

Only two courts have directly addressed the issue of whether 11 U.S.C. § 506(a) applies when a debtor surrenders property which is not a debtor's principal residence. Both cases held that the secured creditor was entitled to an allowed

general unsecured claim for any deficiency balance pursuant to 11 U.S.C. § 506(a)(1). *See*, *In re Hughes,* 402 B.R. 404 (Bankr. M.D. Fla. 2008); *In re Brooks*, 2009 WL 1490486 (Bankr. M.D. Fla. 2009).

In *In re Hughes*, 402 B.R. at 405-06, the debtor filed for bankruptcy and, under her proposed Chapter 13 plan, attempted to surrender a former residence in full satisfaction of a first and second mortgage encumbering the property. The first mortgage holder filed a claim in the amount of $148,140.69 and the second mortgage holder, Wachovia, filed a claim in the amount of $51,285.19. Wachovia objected to debtor's plan, stating that surrender of the property would not satisfy its secured claim. Wachovia argued that it had the right to file an unsecured claim for any deficiency balance after liquidation of the collateral . The court held that 11 U.S.C. § 506(a)(1) is applicable to determine the value of a secured claim in collateral surrendered pursuant to 11 U.S.C. § 1325(a)(5)(C). The court concluded:

> Wachovia, pursuant to 11 U.S.C. Sections 502(a) and 506(a), holds an allowed claim…. The surrender of the property may not have fully satisfied Wachovia's claim.
>
> Wachovia, to the extent its claim is undersecured, is entitled to file a general unsecured deficiency claim pursuant to 11 U.S.C. Section 506(a)(1). Such deficiency claim should share pro rata in any distributions to other unsecured creditors.

In the *Brooks* case, the secured creditor, Wachovia, filed secured claims against two properties a chapter 13 debtor proposed to surrender. One day after the claims bar date, Wachovia filed unsecured claims for the deficiency balance on the two properties the Debtor proposed to surrender. The issue before the Court was whether the unsecured claims should be disallowed as untimely. In considering the issue the Court stated:

> … the Debtors are correct in stating that the original claims were
> filed as fully secured claims without any indication that Wachovia
> intended to assert a deficiency claim. However, it should be
> noted that throughout the Chapter 13 case, Wachovia constantly
> took the position in its Objections to the Plan of Confirmation that
> it deemed the properties to be unsecured and would assert an
> unsecured deficiency claim in the future. As a general
> proposition, the prudent approach for a secured creditor who is
> uncertain of a deficiency should file a bifurcated claim composed
> of a secured and unsecured portion or, in the alternative, the
> creditor should file a motion to value the collateral and obtain an
> order determining the amount of deficiency based on Section
> 506(a) of the Code.

The Court concluded that Wachovia's unsecured deficiency claims were timely and therefore allowed. The relevance of the *Brooks* decision to the instant case is that the Court assumed, without any discussion, that a secured creditor has the right to file a deficiency claim for the unsecured portion of its claim pursuant to § 506(a).

There is no Sixth Circuit law directly on point. However, in *In re Long*, 519 F.2d 288, 290-98 (6th Cir. 2008), the Sixth Circuit Court of Appeals held that a secured creditor was entitled to a deficiency claim following the debtor's surrender of the creditor's collateral, a vehicle purchased within 910 days of the debtor's bankruptcy filing. The Court analyzed whether the 2005 amendments to the bankruptcy code, specifically the "dangling paragraph" added to 11 U.S.C. § 1325(a)(5), precluded a creditor from asserting a deficiency claim when a debtor surrendered a vehicle purchased within 910 days of filing the bankruptcy[2]. The Court

---

[2] The "dangling paragraph" states:

> For purposes of paragraph (5), section 506 shall not apply to a claim
> described in that paragraph if the creditor has a purchase money security
> interest securing the debt that is the subject of the claim, the debt was
> incurred within the 910-day preceding the date of the filing of the petition,
> and the collateral for that debt consists of a motor vehicle (as defined in
> section 30102 of title 49) acquired for the personal use of the debtor, or if
> collateral for that debt consists of any other thing of value, if the debt was

of Appeals concluded that 11 U.S.C. § 506(a) permits a secured creditor to file a deficiency claim and the applicability of 11 U.S.C. § 506(a) was unchanged by the amendment of 11 U.S.C. § 1325. *Id.* at 295-299. In its discussion of the issue, the Court stated:

> Because section 506 was applicable to surrender of collateral before the 2005 amendments, and makes the situation incoherent if no longer applicable, we believe the best solution is to regard section 506 as continuing to apply in surrender cases.

*Long*, 519 F.2d at 296.

Although the *Long* case dealt with the surrender of a vehicle, the Court's analysis of 11 U.S.C. § 506(a) and 11 U.S.C. § 1325(a)(5) is equally applicable to the surrender of real property. This Court finds that there is no meaningful distinction, for purposes of determining the secured status of a creditor's claim, between the surrender of real property and the surrender of a vehicle.

The Debtors' only argument is that 11 U.S.C. § 1322(b)(2) allows a debtor to modify the treatment of a claim secured by real property that is not a debtor's principal residence. The Debtors cite no authority to support the argument that "modify" equates with "surrender in full satisfaction". Nor do the Debtors cite any authority to support an argument that 11 U.S.C. § 506(a) is inapplicable in the context of a modification proposed pursuant to 11 U.S.C. § 1322(b)(2). Accordingly, the Court rejects the Debtors' argument.

---

incurred during the 1-year period preceding that filing.

III.

## CONCLUSION

FME, pursuant to 11 U.S.C. § 506(a)(1), is entitled file a general deficiency claim to the extent FME is undersecured. FME's deficiency claim will share pro rata in any distributions to other unsecured creditors.

**Signed on July 31, 2009**

                                              **/s/ Marci B. McIvor**
                                      **Marci B. McIvor**
                                      **United States Bankruptcy Judge**