UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

MARLON LESHAN FINLEY and
LESLEY NICOLE FINLEY,

Debtors.
______________________________________/

Case No. 09-44480
Hon. Marci B. McIvor
Chapter 13

**OPINION SUSTAINING DEBTORS' OBJECTION TO FME FEDERAL CREDIT UNION'S CLAIM # 13**

This matter is before the Court on Debtors' Objection to FME Federal Credit Union's Claim # 13. For the reasons set forth in the following Opinion, the Debtors' Objection is SUSTAINED and Claim # 13 is DISALLOWED.

I.

FACTUAL BACKGROUND

On May 18, 2006, Debtors signed a promissory note by which Debtors agreed to pay FME Federal Credit Union (FME) $208,995.39. The note was secured by a mortgage on property located at 17535 Wiltshire, Lathrup Village, MI.

Debtors filed a bankruptcy case under Chapter 13 of the Bankruptcy Code on February 19, 2009.

On March 5, 2009, Debtors filed their Chapter 13 Plan of Reorganization. The Plan stated that the Lathrup Village Property would be surrendered to FME in "full satisfaction of creditor's claim."

On March 11, 2009, FME filed a proof of claim in the amount of $203,236.24

based on the balance owed on the note as of the date of filing. This proof of claim was docketed as Claim # 3.

On April 28, 2009, FME filed an objection to the Debtors' Chapter 13 Plan of Reorganization. FME argued that Debtors could not surrender the Lathrup Village Property in full satisfaction of the claim held by FME. On that same day, FME also filed another claim in the amount of $203,236.24. This proof of claim was docketed as Claim # 8-1.

On June 4, 2009, the Trustee filed an objection to Claim # 8-1, alleging that it was duplicative of Claim # 3. On July 22, 2009, the Court disallowed Claim # 8-1.

On May 27, 2009, Debtors' Chapter 13 Plan was confirmed. The issue of whether Debtors could surrender the Lathrup Village Property in full satisfaction of FME's claim was preserved pending a ruling from the Court.

On June 16, 2009, the Court entered a Consent Order Vacating the Automatic Stay on the Lathrup Village Property.

On July 31, 2009, the Court issued an Opinion sustaining FME's objection to Debtors' proposed treatment of FME's claim in Debtors' Plan of Reorganization. The Opinion concluded:

> FME, pursuant to 11 U.S.C. § 506(a)(1), is entitled [to] file a general deficiency claim to the extent FME is undersecured. FME's deficiency claim will share pro rata in any distributions to other unsecured creditors.

On August 20, 2009, FME filed Claim # 8-2 in the amount of $103,236.24. On September 15, 2009, the Lathrup Village Property was sold at a sheriff's sale. FME submitted a credit bid for $219,701.50 and obtained a sheriff's deed. On October 21, 2009, Debtors objected to Claim # 8-2. Debtors' objection states:

> Debtor objects to the filing of this Proof of Claim, insomuch as the creditor has not filed documentary proof of mortgage sale proceeds, to wit; Sheriff's deed, closing statement on any subsequent sale, or any other information that may justify its requested deficiency balance. The amount claimed should not be paid by the Trustee, as the full amount is not determinable until a full deficiency balance amount can be determined.

Debtors' Objection, ¶ 4.

On October 23, 2009, an attorney for FME filed an "Affidavit Expunging Sheriff's Deed" with Oakland County. Paragraph 4 of the Affidavit stated:

> Lesley N. Finley and Marlon Finley filed Chapter 13 Bankruptcy and therefore the foreclosure sale is null and void.

On November 21, 2009, FME withdrew Claim # 8-2. On December 11, 2009, the parties stipulated to the disallowance of Claim # 8-2. An Order Disallowing Claim # 8-2 was entered on that same day.

On January 5, 2010, another sheriff's sale was held relating to the Lathrup Village Property. At that sale, FME bid $80,000 for the Property, and obtained a sheriff's deed.

On March 11, 2010, FME filed a claim in the amount of $123,236.24. This claim was docketed as Claim # 13. The claim clearly states that it amends Claim # 3.

On March 23, 2010, Debtors filed an objection to FME's Claim # 13.

## II.

## SUMMARY OF ARGUMENTS

Debtors object to Claim # 13 on two grounds. First, Debtors argue that the September 15, 2009 sheriff's sale was a valid sale and the credit bid made by FME at that sale determines the deficiency claim. According to Debtors, the January 5, 2010 sheriff's sale was improper and the amount bid by FME at that sherrif's sale should be

disregarded for purposes of determining the amount of the deficiency claim. Second, Debtors argue that because the parties stipulated to the disallowance of Claim # 8-2, which sets forth FME's original deficiency claim, FME cannot file a second deficiency claim.

FME argues that the amount bid at the first sheriff's sale was a mistake and that FME is entitled to a deficiency claim in the amount of $123,236.24, representing the actual amount owing by the Debtors on the promissory note, less the amount credit bid at the second sale.

## III.

## ANALYSIS

### A. The First Sheriff's Sale Was a Valid Sale, and the Amount Bid by FME at That Sale Determines the Deficiency Balance Owed by Debtors.

The first question to be considered by the Court is the relationship between the amount bid by FME at the first sheriff's sale and FME's deficiency claim filed in Debtors' case. The matter before the Court involves the respective property rights of Debtors and FME. Matters of property law are determined by reference to state law. *Butner v. U.S.*, 440 U.S.48 (1979).

In Michigan, a mortgagee's right to bid at a foreclosure sale is codified at M.C.L. 600.3280[1] and is commonly referred to as a "credit bid". In essence, M.C.L. 600.3280

---

[1]MCL 600.3280 states in pertinent part:

> Sec. 3280. When, in the foreclosure of a mortgage by advertisement, any sale of real property has been made after February 11, 1933, or

states that when a mortgagee credit bids at a foreclosure sale, the amount of the bid is set off against the promissory note secured by the mortgage. If the credit bid is for the entire balance owed on the note secured by the mortgage, then the note and the mortgage are extinguished. *New Freedom Mortg. Corp. v. Globe Mortg. Corp.*, 761 N.W.2d 832, 836 (Mich. Ct. App. 2008); *Bank of Three Oaks v. Lakefront Properties*, 444 N.W.2d 217 (Mich. Ct. App. 1989). If the mortgagee credit bids for less than the balance owed on the note, the bid amount is credited against the balance owed and the mortgagee may sue the mortgagor for the deficiency balance. If a mortgagor is sued for a deficiency balance, the mortgagor may raise as a defense that the amount bid at the foreclosure sale was substantially less than the true value of the property. If the mortgagor prevails, the deficiency balance is limited to the difference between the true value of the property and the balance owed on the note secured by the mortgage.

In this case, FME bid $219,761.50 at the foreclosure sale on September 15, 2009.

---

> shall be hereafter made by a mortgagee, trustee, or other person authorized to make the same pursuant to the power of sale contained therein, at which the mortgagee, payee or other holder of the obligation thereby secured has become or becomes the purchaser, or takes or has taken title thereto at such sale either directly or indirectly, and thereafter such mortgagee, payee or other holder of the secured obligation, as aforesaid, shall sue for and undertake to recover a deficiency judgment against the mortgagor, trustor or other maker of any such obligation, or any other person liable thereon, it shall be competent and lawful for the defendant against whom such deficiency judgment is sought to allege and show as matter of defense and set-off to the extent only of the amount of the plaintiff's claim, that the property sold was fairly worth the amount of the debt secured by it at the time and place of sale or that the amount bid was substantially less than its true value, and such showing shall constitute a defense to such action and shall defeat the deficiency judgment against him, either in whole or in part to such extent.

This bid exceeded the balance owed on the note secured by the mortgage; the balance owed on the note as of the commencement of the case was $203,236.24. As a matter of law, FME's credit bid extinguished the balance owed by Debtors on the note secured by the mortgage. *New Freedom Mortg.*, 761 N.W.2d at 836; *Bank of Three Oaks*, 444 N.W.2d 217. Based on FME's credit bid at the first sheriff's sale, there is no deficiency balance owed by Debtors to FME.

B. <u>The Second Sheriff's Sale is Immaterial for Purposes of Determining a Deficiency Balance.</u>

The second question for the Court is whether the amount bid by FME at the second sheriff's sale should be given any consideration for purposes of determining a deficiency balance.

This Court finds that the second sheriff's sale was improper and, therefore, any deficiency balance based on the bid at that sheriff's sale is disallowed. The Court found no case law addressing the circumstances under which it would be appropriate to set aside a second sheriff's sale. However, the case law addressing the circumstances under which the first sheriff's sale may be set aside, consistently holds that a sheriff's sale which complied with the applicable statutory requirements may only be set aside on the grounds of fraud, accident or mutual mistake. *See Freeman v. Wozniak*, 617 N.W.2d 46, 48-49 (Mich. Ct. App. 1999)(Mortgagor's mental incompetence during foreclosure process insufficient to set aside properly conducted sheriff's sale.); *Macklem v. Warren Constr. Co.*, 72 N.W.2d 60, 63 (Mich. 1955)("We have held that inadequacy of price alone will not vitiate an otherwise fair and regular statutory foreclosure sale."); *McCreary*

*v. Shields*, 52 N.W.2d 853, 858 (Mich. 1952)(mutual mistake is grounds for setting aside sale of property purchased at the sale.)

In the instant case, FME never attempted to set aside the first sheriff's sale based on FME's mistake in bidding more than the value of the property. Instead, on October 23, 2009, two days after Debtors filed their objection to FME's deficiency claim, counsel for FME filed an "Affidavit Expunging Sheriff's Deed" with the Oakland County Registrar of Deeds Office. The filed Affidavit sought the expungement of the sheriff's deed issued on September 15, 2009 on the grounds that "Lesley N. Finley and Marlon L. Finley filed Chapter 13 Bankruptcy and therefore the foreclosure sale is null and void."

FME's Affidavit failed to state any of the traditional grounds for setting aside a properly conducted sheriff's sale, that being fraud, accident, or mutual mistake. Instead, the Affidavit stated that the foreclosure sale was void because Debtors were in bankruptcy. Typically, the automatic stay imposed by 11 U.S.C. § 362[2] of the Bankruptcy Code prevents a foreclosure sale after a debtor files for bankruptcy. However, if the mortgagee obtains relief from the automatic stay, the mortgagee may foreclose and sell a debtor's property.

---

[2] 11 U.S.C. § 362(a)(3) states, (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of--

* * *

> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

* * *

In this case, the mortgagee had obtained relief from the stay on June 16, 2009, three months prior to the first sheriff's sale. This Court had entered a "Consent Order Vacating the Automatic Stay" which states:

> IT IS HEREBY ORDERED that the stay of proceedings now in effect against the Creditor, FME FEDERAL CREDIT UNION, shall be and the same is hereby terminated allowing Creditor to reclaim and liquidate the:
>
> COLLATERAL: 17535 WILTSHIRE BLVD., LATHRUP VILLAGE, MI 43076
>
> OUTSTANDING BALANCE: $203,236.24
>
> MARKET VALUE: $100,000

Therefore, on the date of the sheriff's sale on September 15, 2009, Debtors were in bankruptcy, but FME by virtue of the order lifting stay entered on June 16, 2009, had the right to proceed with the sale of the Lathrup Village Property. Thus, FME's Affidavit Expunging Sheriff's Deed was inaccurate as to the legal implications of Debtors' bankruptcy. The September 15, 2009 sheriff's sale complied with the statutory requirements for such a sale and was authorized by order of the Bankruptcy Court. The September 15, 2009 sale was a valid sale, and the second sheriff's sale was improper. The amount credit bid by FME at the first sheriff's sale establishes the deficiency balance owed by the Debtors. Since FME's credit bid at that sale exceeds the balance owed by Debtors on their mortgage note, there is no deficiency balance owed by Debtors to FME.

C. <u>An Inequitable Result Is Insufficient to Vacate a Foreclosure Sale Which Complies with the Statutory Requirements.</u>

FME's sole argument is that the amount bid at the first sheriff's sale was "grossly inadequate compared to the value of the house" and "the Debtors know or should have known that the bid amount was incorrect considering the litigation regarding the allowance of deficiency claims." In other words, FME argues that it would be unfair to deprive FME of a deficiency claim when the value of the Lathrup Village Property is significantly less than the amount bid at the sheriff's sale.

The law does not support FME's argument that equitable considerations must be taken into account in revising the amount bid by a mortgagee at a foreclosure sale. *Senters v. Ottawa Savings Bank*, 503 N.W.2d 639, 644 ("where, as in the present case, a statute is applicable to the circumstances and dictates the requirements for relief by one party, equity will not interfere.") *Freeman*, 617 N.W.2d at 49; *Macklem*, 72 N.W.2d at 63; *Townsend v. Chase Manhattan Mortg. Corp.*, 657 N.W.2d 741, 745 (Mich. Ct. App. 2002)("We think it insufficient to invoke equity to save the mortgagee from its own mistake, particularly where the mortgagee is a sophisticated commercial lender.")

There is no dispute in this case that FME bid substantially more than the value of the Lathrup Village Property at the September 15, 2009 sheriff's sale. However, the amount bid at the sale was determined solely by FME, a commercial lender. There can be no argument that the bid was a result of "mutual mistake". Because the mistake was not mutual in this case, the law does not permit this Court to set aside the credit bid made by FME at the September 15, 2009 sheriff's sale.

## IV.

## CONCLUSION

The sheriff's sale on September 15, 2009 is a valid sale, and the amount bid at that sale exceeds the amount owed by Debtors to mortgagee FME. For this reason, FME does not have a claim for a deficiency balance against Debtors. Therefore, Debtors objection to Claim # 13 is SUSTAINED and Claim # 13 is DISALLOWED. Because this Court finds that FME's credit bid extinguished the balance owed by the Debtors on their note, this Court also DISALLOWS Claim # 3.

**Signed on June 22, 2010**

**/s/ Marci B. McIvor**
**Marci B. McIvor**
**United States Bankruptcy Judge**